UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLEMENTE GOVEA, Jr.,

       Petitioner,

v.                                         CASE NO. 2:07-CV-13992
                                             HONORABLE ANNA DIGGS TAYLOR
                                             UNITED STATES DISTRICT COURT

C. EICHENLAUB,

       Respondent,
_____/

**<u>OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT
OF HABEAS CORPUS BROUGHT PURSUANT TO 28 U.S.C. § 2241</u>**

       This is a habeas case under 28 U.S.C. § 2241. Clemente Govea, Jr., (Petitioner), is a federal inmate at the Federal Correctional Institution in Milan, Michigan, where he is serving a sentence of forty two months for being a felon in possession of a firearm, 18 U.S.C. § 922 (g). Petitioner has filed a *pro se* petition for writ of habeas corpus, in which he seeks to have his conviction vacated, on the grounds that his civil rights have been restored under Michigan law prior to the alleged unlawful possession of a firearm. For the reasons stated below, the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 is summarily denied.

**I. <u>Procedural History</u>**

       On December 30, 2005, petitioner pleaded guilty to being a felon in possession of a firearm before Judge Gordon J. Quist of the United States District Court for the Western

1

District of Michigan. On April 4, 2006, petitioner was sentenced to forty two months in prison. There is no indication from the pleadings or from the websites from either the United States Court of Appeals for the Sixth Circuit or from the United States District Court for the Western District of Michigan that petitioner ever filed a direct appeal or a motion to vacate sentence pursuant to 28 U.S.C. § 2255 to challenge this conviction. [1]

## II. Analysis

A motion to vacate sentence under § 2255 is the proper avenue for relief as to a federal inmate's claims that his sentence was imposed in violation of the federal constitution or laws. *Capaldi v. Pontesso*, 135 F. 3d 1122, 1123 (6th Cir. 1998). A federal prisoner may bring a claim challenging his conviction or the imposition of sentence under 28 U.S.C. § 2241 only if it appears that the remedy afforded under § 2255 is inadequate or ineffective to test the legality of the defendant's detention. *Charles v. Chandler*, 180 F. 3d 753, 756 (6th Cir. 1999). Habeas corpus is not an additional, alternative, or supplemental remedy to the motion to vacate, set aside, or correct the sentence. *Id.* at 758. The burden of showing that the remedy afforded under § 2255 is inadequate or ineffective rests with the petitioner. *In Re Gregory*, 181 F. 3d 713, 714 (6th Cir. 1999); *Griffin v. Herrera,* 212 F. Supp. 2d 707, 709 (E.D. Mich. 2002). The remedy afforded under §

---

[1] Much of the information regarding petitioner's conviction was taken from the websites for the United States Court of Appeals for the Sixth Circuit and the United States District Court for the Western District of Michigan, via the PACER system. A federal district court is permitted to take judicial notice of another court's website. *See e.g. Graham v. Smith*, 292 F. Supp. 2d 153, 155, n. 2 (D. Me. 2003). From a review of the Western District of Michigan's website, it appears that petitioner may be intending to file a motion to vacate sentence pursuant to 28 U.S.C. § 2255 with that court at some point. *See* Letters from petitioner to Clerk of the Court, dated May 29, and June 17, 2007 [Dkt. Entries # 35 and 36 of *United States v. Govea,* 1:05-CR-255-01 (W.D. Mich.).

2255 is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because petitioner has been procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate sentence. *Charles,* 180 F. 3d at 756; *Griffin,* 212 F. Supp. 2d at 709.

Petitioner is not entitled to habeas relief from his conviction, because there is no allegation in his petition that his remedy under Section 2255 would be inadequate or ineffective to test the legality of his conviction. *See Baldwin v. United States,* 412 F. Supp. 2d 712, 716 (N.D. Ohio 2005). Moreover, petitioner is unable to show that his post-conviction remedy under § 2255 is inadequate or ineffective, so as to permit him to challenge his conviction by means of a § 2241 habeas petition, because petitioner has never attempted to file a § 2255 motion to vacate sentence before the judge who sentenced him. An inmate convicted of a federal crime cannot claim that the post-conviction remedies that are available to him under § 2255 are inadequate or ineffective until he has unsuccessfully attempted to obtain post-conviction relief by filing a § 2255 motion. *See Copeland v. Hemingway,* 36 Fed. Appx. 793, 794-95 (6th Cir. 2002); *See also Edwards v. United States,* 826 F. Supp. 423, 426 (M.D. Fla. 1993). Because petitioner has never attempted to obtain post-conviction relief by filing a § 2255 motion, he cannot claim that this motion is ineffective. Without any allegation that his remedy under § 2255 is inadequate or ineffective, petitioner is not entitled to habeas relief from his criminal conviction pursuant to 28 U.S.C. § 2241. Moreover, this Court cannot construe this

petition as a motion to vacate sentence brought pursuant to 28 U.S.C. § 2255. *In re Shelton*, 295 F. 3d 620, 622 (6th Cir. 2002); *Baldwin,* 412 F. Supp. 2d at 715-16.

## III. ORDER

Based upon the foregoing, the petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 is **DENIED.** Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States,* 355 F. 3d 501, 504 (6th Cir. 2004), petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition.


                                                s/Anna Diggs Taylor
                                                HON. ANNA DIGGS TAYLOR
                                                UNITED STATES DISTRICT JUDGE

**Dated: October 17, 2007**

---

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order of Dismissal was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on October 17, 2007.

Clemente Govea, #12529-040
Milan Federal Correctional Institution
Inmate Mail/parcels
P.o. Box 1000
Milan, MI 48160                                        s/Johnetta M. Curry-Williams
                                                                  Case Manager